UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THERESA D'ALOSIO,
    Plaintiff,

v.

EDAC TECHNOLOGIES CORPORATION,
    Defendants.

No. 16-cv-769 (VAB)

## ORDER ON MOTION TO STRIKE

Plaintiff, Theresa D'Alosio, brought this action against Defendant, EDAC Technologies Corporation ("EDAC"), asserting claims under 29 U.S.C. § 634, the Age Discrimination in Employment Act ("ADEA"). ECF No. 1. Pending before the Court is EDAC's motion to strike paragraphs eighteen, nineteen, and twenty of Ms. D'Alosio's Complaint, which contain references to a severance agreement that EDAC offered to Ms. D'Alosio when she was terminated. ECF No. 23.

For the reasons that follow, the Court **DENIES** EDAC's motion to strike.

## I.    PROCEDURAL BACKGROUND

On May 19, 2016, Ms. D'Alosio filed her Complaint in this action. ECF No. 1. Paragraphs eighteen, nineteen, and twenty of her Complaint allege that certain EDAC employees pressured her to sign a severance agreement upon the termination of her employment at EDAC and describe the terms of the alleged severance agreement. Compl. ¶¶ 18-20.

On July 7, 2016, EDAC moved to strike paragraphs eighteen, nineteen, and twenty of Ms. D'Alosio's Complaint. ECF No. 14. On August 28, 2016, Ms. D'Alosio filed an objection to this motion to strike. ECF No. 16.

1

On September 7, 2016, EDAC moved to amend its earlier motion to strike, ECF No. 22, and filed a corrected motion to strike, ECF No. 23. EDAC had inadvertently omitted one page of their original motion to strike when filing the motion electronically and requested the Court's permission to file a corrected motion. *See* Motion to Amend at 1, ECF No. 22. The Court granted this motion to amend. ECF No. 29. EDAC also moved for leave to file a brief in support of its motion to strike, having previously inadvertently neglected to file its brief in support of the motion to strike. ECF No. 24. The Court also granted EDAC's motion for leave to file a brief, ECF No. 30, which EDAC had already filed for the Court's review, ECF No. 25.

In light of the corrected motion to strike, ECF No. 23, the Court found that EDAC's previous motion to strike was moot, ECF No. 31. Pending before the Court is EDAC's corrected motion to strike. ECF No. 23.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Second Circuit has held that, when a court evaluates a Rule 12(f) motion, "it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation [that movant wishes to strike] would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial." (citing Fed. R. Civ. P. 12(f))); *Hudson's Bay Fur Sales Canada, Inc. v. Scheflin-Reich, Inc.*, No. 90-CIV-8026 (RLC), 1991 WL 60377, at *1

(S.D.N.Y. Apr. 8, 1991) ("A motion to strike matter from a complaint as immaterial will be granted only if no evidence in support of the allegation would be admissible at trial.").

Motions to strike under Rule 12(f) "are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Correction Officers Benevolent Ass'n of Rockland Cty. v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005); *see also Gierlinger v. Town of Brant*, No. 13-CV-00370 AM, 2015 WL 3441125, at *1 (W.D.N.Y. May 28, 2015) ("Because striking a [part] of a pleading is a drastic remedy motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." (internal quotation marks omitted)). Furthermore, "[t]o the extent that Defendants' aim is to avoid unduly inflaming and prejudicing the jury," the court may take into account that "the Complaint will not be submitted to the jury." *Schutz v. Ne. Mortg. Corp.*, No. 3:05-CV-423(MRK), 2005 WL 1868888, at *1 (D. Conn. July 27, 2005) (internal quotation marks omitted).

EDAC argues that paragraphs eighteen, nineteen, and twenty of Ms. D'Alosio's Complaint should be struck because, by referring to the severance agreement that EDAC allegedly offered to Ms. D'Alosio upon the termination of her employment at EDAC, these paragraphs are referring to allegations that can only be proven by evidence that is inadmissible under Rule 408 of the Federal Rules of Evidence. *See* Def.'s Br. at 1-2, ECF No. Under Rule 408, evidence of a party's (1) "furnishing, promising, or offering . . . a valuable consideration in compromising or attempting to compromise the claim" or (2) "conduct or a statement made during compromise negotiations about the claim" is "not admissible . . . either to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a).

The Second Circuit has held that "where a party is represented by counsel, threatens litigation and has initiated the first administrative steps in that litigation, any offer made between

3

attorneys will be presumed to be an offer within the scope of Rule 408." *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992). "In a discrimination case where the employee has already been terminated and has threatened legal action, offers of settlement of the dispute on condition of waiver and release of the claim are inadmissible as evidence of discrimination under [Rule 408]," but the "evidence is admissible is when, contemporaneously with the notice of termination, the employee is asked to sign a waiver and release of all claims in order to receive severance pay." *Penny v. Winthrop-Univ. Hosp.*, 883 F. Supp. 839, 846 (E.D.N.Y. 1995); *see also Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1342-43 (9th Cir. 1987) (holding in ADEA case that district court did not abuse discretion by admitting evidence of severance agreement where the "employment relationship is terminated and the employer offers a contemporaneous severance pay package in exchange for a release of all potential claims, including claims for discriminatory acts that may have occurred at or before the termination" and noting that "the policy behind Rule 408 does not come into play" because "Rule 408 should not be used to bar relevant evidence concerning the circumstances of the termination itself" and "[s]uch communications may also tend to be coercive rather than conciliatory" and "courts should not allow employers to compromise the underlying policies of the ADEA by taking advantage of a superior bargaining position or by overreaching").

Paragraphs eighteen, nineteen, and twenty of Ms. D'Alosio's Complaint refer to a "severance agreement" that EDAC allegedly offered to Ms. D'Alosio during the April 9, 2015 meeting where EDAC allegedly informed her that her employment was being summarily terminated. Compl. ¶¶ 16-20. At the time, Ms. D'Alosio had yet to retain counsel, "threaten[] litigation," or "initate[] the first administrative steps in that litigation," *Pierce*, 955 F.2d at 827,

based on the allegations in her Complaint.  *See* Compl. ¶¶ 7-17.  Ms. D'Alosio's Complaint in this case was not filed until May 19, 2016.  ECF No. 1.

In this context, the evidence of the severance agreement that EDAC offered "contemporaneously with the notice of termination" and that required Ms. D'Alosio to "sign a waiver and release of all claims in order to receive severance pay" may be admissible and therefore not blocked by Rule 408.  *Penny*, 883 F. Supp. at 846.  Because Rule 408 does not make evidence of Ms. D'Alosio's allegations in paragraphs eighteen through twenty of the Complaint clearly inadmissible, the Court must deny EDAC's Rule 12(f) motion to strike.  *See Lipsky*, 551 F.2d at 893 (explaining that Rule 12(f) "motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible").  Furthermore, in ADEA cases such as this one, this type of termination agreement "[is] generally made a part of the record in the case and [is] considered relevant to the circumstances surrounding the alleged discriminatory discharge itself" and may be "probative on the issue of discrimination."  *Cassino*, 817 F.2d at 1342 (gathering cases).

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** EDAC's motion to strike paragraphs eighteen, nineteen, and twenty of Ms. D'Alosio's Complaint.

SO ORDERED at Bridgeport, Connecticut, this 21st day of April, 2017.

                        /s/ Victor A. Bolden
                        Victor A. Bolden
                        United States District Judge